UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22 CR 255 AGF ) |
| MATTHEW PRUNTY, | ) ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Matthew Prunty, represented by defense counsel Jimmie Christon, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count 7 of the Indictment, the Government agrees to dismiss Counts 1 through 6 and agrees that no further federal prosecution will be brought in this District relative to the defendant's conspiring to possess with intent to distribute Fentanyl and conspiracy to misbrand and sell counterfeit drugs from October 2019 through July 2021, of which the Government is aware at this time.



1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that neither party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a).

3. **ELEMENTS**:

As to Count 7, the defendant admits to knowingly violating Title 21, United States Code, Section 846, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, between June 23, 2021 and July 8, 2021, defendant reached an agreement with at least one other person to distribute and possess with intent to distribute Fentanyl;

*Two*, the defendant voluntarily and intentionally joined in the agreement;

*Three*, at the time defendant joined the agreement, he knew its purpose; and

*Four*, the agreement involved more than 40 grams of Fentanyl.

4. **FACTS**:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

In May 2021, an Federal Bureau of Investigation special agent took control of a Wickr Me account, "thebenzoboys." Wickr Me is a messaging application that allows for the exchange of end-to-end encrypted and content-expiring messages, including text, photo, and video. The agent, operating as "thebenzoboys," continued previously established communication with Defendant Prunty using the Wickr Me account "xandyman745." During these conversations, a deal was made for Prunty to

purchase 200,000 counterfeit and misbranded pills from "thebenzoboys" in exchange for $46,000 and 2,000 M30 pills containing Fentanyl.

Similar to prior illegal transactions between Prunty and "thebenzoboys," arrangements were made for the transaction to occur by means of a blind drop at the Meramec State Park located in Franklin County, Missouri. Conversations indicated that Prunty intended to utilize a courier to deliver the cash and Fentanyl and retrieve the counterfeit and misbranded pills on the morning of June 27, 2021.

On the morning of June 27, 2021, agents conducting surveillance observed a silver Toyota 4Runner enter the park. At approximately 8:26 am, "xandyman745" sent "thebenzoboys" a video of a black bag placed by a rock in the Meramec State Park. Investigators retrieved the bag, which contained several bundles of cash and blue pills. The pills were later determined by a lab to contain over 240 grams of fentanyl. "Thebenzoboys" then directed "xandyman745" via Wickr Me to a location in the park where 200,000 counterfeit and misbranded pills were waiting to be picked up in return for the cash and pills. At approximately 8:59 am, "xandyman745" messaged "thebenzoboys" via Wickr Me, "yeah grabbed it."

The Toyota 4Runner then left the park and at approximately 9:06 am was pulled over by Missouri State Highway Patrol as it traveled east on Highway 44. The operator of the vehicle was co-defendant DeVonte Cole. During the stop, the 200,000 counterfeit and misbranded drugs were located and recovered.

At approximately 10:00 am, "xandyman745" told "thebenzoboys" via Wickr Me "my boy got pulled over, they took everything but he didn't go to jail."

Circumstances of the offense show that defendant directed Cole and that Cole used his cellphone to communicate with defendant at each step of his involvement in the drug transaction of June 27, 2021; video recording the drop of Fentanyl and cash, receiving directions on where to pick up the counterfeit and misbranded pills, and alerting defendant about being stopped by the police.

3

*JC Atty*
*MP*

5. <u>**STATUTORY PENALTIES**</u>:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not less than 5 years but not more than 40 years, a fine of not more than $5,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of at least 4 years.

6. <u>**U.S. SENTENCING GUIDELINES (2021 MANUAL)**</u>:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

    a. **<u>Chapter 2 Offense Conduct</u>:**

        **(1) <u>Base Offense Level</u>:** The parties agree that the base offense level is 26, as found in Section 2D1.1(c). The parties agree that the quantity of Fentanyl for which the defendant is accountable, including relevant conduct, is at least 160 grams, but less than 280 grams, resulting in the agreed Base Offense Level. The amount of counterfeit pharmaceuticals involved in this case is not enough to increase this Base Offense Level.

        **(2) <u>Specific Offense Characteristics</u>:** The parties agree that no Specific Offense Characteristics apply.

    b. **<u>Chapter 3 Adjustments</u>:**

        **(1) <u>Role in the Offense</u>:** The parties agree that 2 levels should be added as defendant was a supervisor of the criminal activity, pursuant to Section 3B1.1(c).

        **(2) <u>Acceptance of Responsibility</u>:** The parties agree that two levels should be deducted pursuant to Section 3E1.1(a), because the defendant has clearly demonstrated acceptance of



responsibility. Further, the Government, under the facts known at present, will make a motion at the time of sentencing for an extra 1 level reduction based on defendant's timely notification of his intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, it may refuse to file a motion and may present evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

    c. **Estimated Total Offense Level**: The parties estimate that the Total Offense Level is 25.

    d. **Criminal History**: The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    e. **Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

*[Initials: JCatty / MP]*

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    **(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

*JC Atty*
*MP*

6

8. **OTHER:**

   a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

   b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

   d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

   e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

*JCutty*
*MP*

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.



The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this



9

guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

### 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

12/20/23
Date

JOHN J. WARE
Assistant United States Attorney

12/18/23
Date

MATTHEW PRUNTY
Defendant

10/18/23
Date

JIMMIE CHRISTON
Attorney for Defendant